CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV 13 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

JAMES W. CARTER,        )
                                 )
      Petitioner,        )    **Case No. 7:18cv00010**
                                 )
v.                          )    **MEMORANDUM OPINION**
                                 )
HAROLD CLARKE,        )    **By: Hon. Jackson L. Kiser**
                               )          **Senior United States District Judge**
      Respondent.    )

---

James W. Carter, a Virginia inmate proceeding pro se, timely filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a probation revocation by the Roanoke City Circuit Court. Respondent filed a motion to dismiss, and Carter failed to respond, making the matter ripe for disposition. After review of the record, I grant the motion to dismiss, and dismiss the petition.[1]

## I.

In 2016, Carter's probation officer authored a major violation report alleging Carter was convicted of DUI and driving on a revoked license, and that he had failed to report to the probation office, had used alcohol, and had tested positive for marijuana and cocaine. Carter conceded the violations, and the Roanoke City Circuit Court revoked eight years of his previously suspended sentence, re-suspended six years of the sentence, ordered three years of supervised probation, and set a judgment of $623. Carter's appeal to the Court of Appeals of Virginia was unsuccessful. He did not file a direct appeal to the Supreme Court of Virginia. Carter later filed a state habeas petition based on the probation revocation, but the Supreme Court of Virginia denied relief.

---

[1] This opinion omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. See United States v. Marshall, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

## II.

Carter raises the following claims:

1. The Commonwealth called a witness at the revocation hearing that violated Carter's confrontation rights; and

2. Trial counsel was ineffective for failing to object to the testimony of a probation officer that did not know Carter during the revocation hearing.

The respondent acknowledges that Carter's petition is timely.

### III.     Standard of Review

To obtain federal habeas relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2254(d), however, the federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

(1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 403-13 (2000). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003). Under this standard, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could agree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011). The AEDPA standard is "highly deferential" to both factual findings and legal conclusions, and the petitioner bears the burden of proof. Id. at 105; Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). "The petitioner must show both deficient performance and prejudice; the two are separate and distinct elements." Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994).

For the first prong, petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. at 688. Habeas courts maintain a "strong presumption" that counsel's conduct fell within the "wide range of reasonable professional assistance." Id. at 689. "Judicial scrutiny of counsel's performance must be highly deferential," and counsel is "permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success." Id.

For the second prong, a petitioner must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id. Lastly, "an attorney's failure to raise a meritless argument [] cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999); see also Moore v. United States, 934 F. Supp. 724, 731 (E.D. Va. 1996).

### IV.    Procedural Default

The United States Supreme Court has long held that a state prisoner's habeas claims may not be entertained by a federal court "when (1) a state court has declined to address [those]

claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." Maples v. Thomas, 565 U.S. 266, 280 (2012). A procedural rule is adequate "if it is regularly or consistently applied by the state court," and independent "if it does not depend on a federal constitutional ruling." Yeatts v. Angelone, 166 F.3d 255, 260 (4th Cir. 1999). Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) is an adequate and independent state procedural bar that arises when a petitioner could have raised an issue at trial and on direct appeal, but failed to do so. See Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006) (Parrigan is an adequate and independent bar.).

"If a claim is defaulted, then petitioner must fail on that claim unless he can show that cause and prejudice or a fundamental miscarriage of justice might excuse his default." Bell v. True, 413 F. Supp. 2d 657, 676 (W.D. Va. 2006). The "cause" prong requires a petitioner to demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. Murray v. Carrier, 477 U.S. 478, 488 (1986). The "prejudice" prong requires a petitioner to show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. Id. Meanwhile, the fundamental miscarriage of justice exception requires a petitioner to prove his actual innocence. Schlup v. Delo, 513 U.S. 298, 339-40 (1995).

The state court found that Claim 1 was procedurally barred by Parrigan. Carter v. Clarke, No. 171240, slip op. at 1-2 (Va. March 30, 2018), ECF No. 16-4 (citing Parrigan and barring the claim "because this non-jurisdictional issue could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus"). Parrigan is an independent and adequate bar, and Carter has not alleged any facts demonstrating cause and prejudice, or a fundamental miscarriage of justice. See Vinson, 436 F.3d at 417; Burket v.

Angelone, 208 F.3d 172, 183 n.10 (4th Cir. 2000) (reasoning that because petitioner bears the burden to raise cause and prejudice and actual innocence, a court need not consider either if not asserted by petitioner). Therefore, Claim 1 is procedurally barred from federal review without excuse.

## V.    Merits

In Claim 2, Carter alleges that trial counsel was ineffective for failing to object to the testimony of a probation officer that did not know Carter during the revocation hearing. The Supreme Court of Virginia concluded that the argument failed to satisfy either Strickland prong:

> The Court rejects this claim because there is no constitutional right to counsel or the concomitant right to the effective assistance of counsel where, as here, the record, including the revocation proceeding transcript, demonstrate petitioner conceded the violations and has not identified any mitigating circumstances or complex reasons why revocation was inappropriate and the right to counsel would have attached. Walker v. Forbes, 292 Va. 417, 422-25, 790 S.E.2d 240, 243-45 (2016); see also Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973).

Carter v. Clarke, No. 171240, slip op. at 2. The ruling of the state court was not contrary to, or an unreasonable interpretation of, federal law, or an unreasonable determination of the facts.

At the threshold, "the Supreme Court has consistently held that because there is no constitutional right to counsel in state post-conviction proceedings, a defendant cannot raise an ineffective assistance of counsel claim as a result of actions occurring in post-conviction proceedings." United States v. Allgood, 48 F. Supp. 2d 554, 559 (E.D. Va. 1999) (citing Coleman v. Thompson, 501 U.S. 722; Gagnon v. Scarpelli, 411 U.S. 778 (1973)).

However, assuming Carter could bring an ineffective assistance claim, he still cannot demonstrate prejudice. Even if the probation officer did not testify, the evidence of Carter's violations and his concessions would still have resulted in revocation of his probation. Furthermore, he has not proffered any mitigating evidence that would have likely reduced his

sentence. Therefore, he fails to show that, but for counsel's errors, the outcome of the proceeding would have been different, and I will grant the motion to dismiss as to Claim 2.

## VI.

For the foregoing reasons, I grant Respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTERED** this 13th day of November, 2018.

SENIOR UNITED STATES DISTRICT JUDGE